UNION EDGE SETTER CO. *v.* KEITH.    SAME *v.* CUMMINGS and others.
SAME *v.* PROUTY and others.

*(Circuit Court, D. Massachusetts.    June 6, 1887.*

PATENTS FOR INVENTIONS—NOVELTY—SOLE BURNISHERS.
    Letters patent No. 173,284, to Helms, for an improvement in machines for burnishing sole edges, consisting of a combination of the burnishing tool, rest for the face of the sole, and finger-rest, considered, and *held* void for want of novelty; the burnishing tool, with a guard, or, as Helms calls it, "rest for the face of the sole," being old, and a finger-rest being described in the prior patent to B. J. Tayman, of March 11, 1873.

In Equity.
*J. E. Maynadier,* for complainants.
*F. W. Porter* and *Geo. L. Roberts,* for Keith and Prouty.
*John L. S. Roberts,* for Cummings.

COLT, J.    The question of the patentability of the first claim of Helms' patent, No. 173,284, has been fully argued in the rehearing granted in the suit against Keith.    The claim is for the combination of the burnishing tool, rest for the face of the sole, and finger-rest, in a machine for burnishing sole edges.    It is not denied that the burnishing tool, with a guard, or, as Helms calls it, "rest for the face of the sole," is old, and a finger-rest is also found described in a prior patent granted to B. J. Tayman, March 11, 1873.    The defendants contend that the first claim of the Helms patent is for a combination of old elements, each element having substantially the same function as in prior devices, and that no new result is produced, and that, therefore, the combination is not patentable under well-settled rules of law.    While the argument of the plaintiff is ingenious, I do not think this position of the defendants has been successfully met.

The main ground on which the plaintiff seeks to sustain the patent is that Helms, by means of the guard and finger-rest, is able to present a shoe to a reciprocating tool, and that this is a very different thing from presenting a shoe to a rotary cutter or burnisher; in other words, that Helms was the first to solve the difficulty of how to present a shoe to a reciprocating rubbing tool, and that this required invention.    But the practical question is, what means does Helms employ for this purpose, and are those means old and well known?    Now, we find reciprocating tools for burnishing sole edges to be old.    We find the Helms burnishing tool, with a guard, to be as old as the old hand tool; and we find the finger-rest clearly set out in the Tayman patent, and other forms of rests are referred to in prior patents.    To employ an old hand tool on a reciprocating machine, in connection with a Tayman finger-rest, to accomplish an old result, is not a patentable combination.    That the Tayman finger-rest is found on a rotary cutter or burnisher, and that rotary cutters can be used without the finger-rest, does not do away with the fact that we find described in the Tayman patent a finger-rest, and that,

when Helms takes that he takes what is old and well known. I am unable to discover, though the argument is presented with much refinement of reasoning, that either the guard, finger-rest, or tool in the Helms machine performs any such new function, never before performed in prior machines, as to make the third claim a patentable combination.

The bills should be dismissed, with costs, and it is so ordered.

CARPENTER, J., who sat with me on the first motion for a rehearing in the *Keith Case*, agrees with the conclusion I have reached.